**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000169
28-MAR-2024
08:23 AM
Dkt. 52 SO

NO. CAAP-18-0000169

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RENEE CORDERO, Claimant-Appellee-Appellee, v.
COUNTY OF MAUI, PUBLIC PROSECUTOR, Employer-Appellant-Appellant,
and SEDGWICK CMS-HAWAII,
Insurance Carrier-Appellant-Appellant.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-307(M); DCD NO. 7-14-02096)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Employer-Appellant-Appellant County of Maui, Public
Prosecutor (**Employer**) appeals from the February 16, 2018
Decision and Order of the Labor and Industrial Relations Appeals
Board (**Board**), determining Claimant-Appellee-Appellee Renee
Cordero (**Cordero**) suffered a compensable personal psychological
stress injury on September 16, 2014, arising out of and in the
course of her employment.

On appeal, Employer raises three points of error challenging the Board's application of Hawaiʻi Revised Statutes (**HRS**) § 386-3(c) (2015).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

**(1)** Employer first contends the Board "wrongfully found other causes of stress were relevant to [Cordero's] claim and concluded that [her] claim was not solely related to disciplinary actions of the Employer." (Formatting altered.)

Hawaiʻi law provides for compensation when an employee suffers an injury "arising out of and in the course of employment," though a "claim for mental stress resulting solely from disciplinary action taken in good faith" is exempt:

> (a)   If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
>
> . . . .
>
> (c)   A claim for mental stress resulting solely from disciplinary action taken in good faith by the employer shall not be allowed . . . .

HRS § 386-3 (formatting altered).

Because nothing in HRS § 386-3(c) requires the Board to limit its review to disciplinary actions, the Board did not

2

err in considering all sources of stress "arising out of and in the course of" Cordero's employment as required by HRS § 386-3(a). See Cadiz v. QSI, Inc., 148 Hawaiʻi 96, 107, 468 P.3d 110, 121 (2020) ("The Hawaiʻi workers' compensation statute is social legislation that is to be interpreted broadly" so that an employee is "indemnified for all infirmities resulting from their employment.") (cleaned up).

Thus, the Board was not wrong to consider causes of stress "arising out of and in the course of" Cordero's employment.

**(2)** Employer next contends the Board "wrongfully focused on the September 16, 2014 email in reviewing application of HRS § 386-3(c) to this case." (Formatting altered.) To support this contention, Employer relies on medical records to show there was no treatment sought until the October 28, 2014 email.

Although Employer is correct that Cordero only stopped working after her supervisor sent the October 28, 2014 email, the Board made the following findings:

> 8.    The Board also finds that while Claimant's claim for workers' compensation benefits identifies a September 16, 2014 injury date, the record on appeal documents that Claimant's claim relates not only to the exchanges about overtime, but also other matters. Such other matters included meeting deadlines placed on her assignments and discussion of personnel matters in a public area.
>
> 9.    The Board finds that Claimant's claim is not one for mental stress resulting solely from disciplinary action.

3

> 10. The Board finds that Employer has not presented substantial evidence to overcome the presumption of compensability.

(Formatting altered.) These findings are supported by substantial evidence in the record. See Leslie v. Est. of Tavares, 91 Hawaiʻi 394, 399, 984 P.2d 1220, 1225 (1999).

Moreover, Cordero testified that after she received a September 16, 2014 email from her supervisor, which warned her that she needed prior approval to work overtime, Cordero asked to meet with her supervisor in private to discuss the overtime issue. But, her supervisor refused to meet in private, raised her voice at Cordero within earshot of other employees, which caused Cordero to be "embarrassed and upset," and "start shaking" and "hav[e] difficulty breathing." The Board credited Cordero's testimony.

Thus, the Board did not wrongfully apply HRS § 386-3 to the circumstances of this case.

**(3)** Finally, Employer contends the Board "wrongfully concluded that [Cordero's] claim was not solely related to disciplinary action." (Formatting altered.) Employer argues that the Board's conclusion was wrong because the Board relied on clearly erroneous findings.

Based on our review of the record, there was substantial evidence to support the Board's findings and, thus,

the Board's conclusion that Cordero's claim "did not result solely from disciplinary action taken in good faith" was not wrong. See generally, Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005) (noting a conclusion of law supported by findings of fact and reflecting "an application of the correct rule of law will not be overturned") (citation and internal quotation marks omitted).

For the reasons discussed above, we affirm the Decision and Order of the Labor and Industrial Relations Appeals Board entered on February 16, 2018.

DATED:  Honolulu, Hawaiʻi, March 28, 2024.

On the briefs:

Patrick K. Wong
Corporation Counsel,
Caleb P. Rowe,
Thomas W. Kolbe,
Deputies Corporation Counsel,
for Employer-Appellant-
Appellant.

Stanford H. Masui,
for Claimant-Appellee-
Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge